UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY JOE WATTS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-03229 |
| DIRECT ENERGY SERVICES, LLC and VIRTUOSO SOURCING GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW comes BILLY JOE WATTS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Direct Energy"), and VIRTUOSO SOURCING GROUP, LLC ("Virtuoso") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* against Virtuoso for its unlawful conduct.

2. Plaintiff brings this action for damages pursuant to the TCPA under 47 U.S.C. § 227 *et seq.*, and the TDCA under Tex. Fin. Code. Ann. § 392 *et seq.*, against Direct Energy for its unlawful conduct.

1

**JURISDICTION AND VENUE**

3. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

5. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law or fact will arise.

**PARTIES**

6. Plaintiff is a 60 year-old natural person residing at 2423 Forth Worth Avenue, Apartment 911, Dallas, Texas, which falls within the Northern District of Texas.

7. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8. Direct Energy is a utility company organized under the laws of the state of Delaware with its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas. Direct Energy regularly conducts business with consumers in Texas.

9. Virtuoso provides "debt collections, accounts receivable management, and customer care services" to clients from a variety of industries.[1] Virtuoso is a limited liability company organized under the laws of the state of Colorado with its principal place of business located at 4500 Cherry

---

[1] http://www.virtuososourcing.com/#about

2

Creek Drive South, Suite 500, Glendale, Colorado. Virtuoso's registered agent is Irvin A. Borenstein, whose address is 7200 South Alton Way, Suite B180, Centennial, Colorado.

10. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

12. The instant action arises out of Defendants' efforts to collect upon a purported utility debt ("subject debt") said to be owed by Plaintiff.

13. Around the spring of 2017, Plaintiff began receiving calls to his cellular phone, (214) XXX-8355, from Defendants.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8355. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Plaintiff first began receiving calls to his cellular phone from Direct Energy.

16. The phone number that Direct Energy most often used to contact Plaintiff was (888) 701-1115, but upon belief, it may have used other numbers as well.

17. Upon information and belief, the above referenced number ending in 1115 is regularly utilized by Direct Energy during its debt collection activities.

18. Upon speaking with Direct Energy, Plaintiff was informed that it was attempting to collect upon the subject debt.

19. Upon belief, Plaintiff incurred the subject debt after moving out of a home where Direct Energy provided utility services.

20.  Upon moving out of the home, Plaintiff paid Direct Energy for his final utility bill and asked that it disconnect his service.

21.  However, there were additional disconnection fees which, upon belief, resulted in the subject debt.

22. Frustrated over the way these fees were charged, Plaintiff informed Direct Energy that he refused to pay and demanded that Direct Energy cease contacting him.

23. Plaintiff reiterated these demands to Direct Energy on several occasions.

24. Despite Plaintiff's demands, Direct Energy continued to relentlessly contact Plaintiff's cellular phone until approximately June 2017.

25. On several occasions, Direct Energy called Plaintiff's cellular phone multiple times during the same day.

26. When Plaintiff would answer Direct Energy's calls, he would experience a noticeable pause, lasting several seconds in length, before a live representative got on the line.

27. Plaintiff received not less than 40 calls from Direct Energy since asking it to stop contacting him.

28. Upon information and belief, around June or July 2017, Direct Energy turned over the subject debt to Virtuoso for collections, at which point Virtuoso began placing calls to Plaintiff's cellular phone.

29.  The phone number that Virtuoso most often used to contact Plaintiff is (888) 982-6781, but upon belief, it may have used other numbers as well.

30.  Upon information and belief, the above number ending in 6781 is regularly utilized by Virtuoso during its debt collection activity.

31.  Upon speaking with Virtuoso, Plaintiff demanded that it stop contacting him.

32. Despite Plaintiff's demands, Virtuoso continued to call his cellular phone regularly for several months.

33. When Plaintiff answered Virtuoso's phone calls, he experienced a brief pause, lasting approximately three to five seconds in length, before Virtuoso's representative got on the line.

34. Plaintiff has received not less than 20 phone calls from Virtuoso since asking it to stop contacting him.

35. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

36. With the goal of specifically addressing Defendants' conduct, Plaintiff has spent approximately $61.00 to purchase and maintain an application subscription on his cellular phone to quell the calls, resulting in pecuniary loss.

37. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

38. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST VIRTUOSO)

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though full set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Virtuoso is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

42. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2011.[2]

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

44. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

45. Virtuoso violated § 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Virtuoso called Plaintiff not less than 20 times after he demanded that it stop contacting him. This repeated behavior of systematically calling Plaintiff's phone on an incessant basis in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Virtuoso willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

46. Virtuoso was notified by Plaintiff that its calls were not welcome. As such, Virtuoso knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692e

---

[2] http://www.acainternational.org/search#memberdirectory

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

49. Virtuoso violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. When Plaintiff answers Virtuoso's phone calls, he experiences noticeable silence before a live representative gets on the line, which is instructive that an automated system is being used to generate the calls. Despite being told to stop calling, Virtuoso continued to repeatedly contact Plaintiff over 20 times in a deceptive attempt to force him to answer its calls. Through its conduct, Virtuoso misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it never had consent to do so.  Even if Virtuoso had consent, which it did not, this was revoked by Plaintiff's demands

   c. **Violations of FDCPA § 1692f**

50. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

51. Virtuoso violated § 1692f when in unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 20 times after being notified to stop.  Attempting to coerce Plaintiff into payment of a debt by placing voluminous phone calls without his permission is unfair and unconscionable behavior.  These means employed by Virtuoso only served to worry and confuse Plaintiff.

52. As pled in paragraphs 34 through 38, Plaintiff has been harmed and suffered damages as a result of Virtuoso's illegal actions.

7

WHEREFORE, Plaintiff, BILY JOE WATTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AGAINST DEFENDANTS)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as though fully set forth herein.

54. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

55. Defendants used an ATDS in connection with their communications directed towards Plaintiff's cellular phone. The noticeable silence before a live representative got on the line that Plaintiff experienced during answered calls from both Virtuoso and Direct Energy is instructive that Defendants were using an ATDS to generate the phone calls. Additionally, the nature and frequency of Defendants' contacts points to the involvement of an ATDS.

56. Direct Energy violated the TCPA by placing not less than 40 calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given Direct Energy was specifically revoked by his repeated demands that it cease contacting him.

57. Virtuoso violated the TCPA by placing not less than 20 calls to Plaintiff's cellular phone using an ATDS without his consent. As shown in the preceding paragraph, the originator of the consumer credit (Direct Energy) lacked consent to contact Plaintiff since Plaintiff explicitly revoked any purported consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Virtuoso will likely assert transferred down, was specifically revoked, both with the purported originator of the consumer debt, as well as with Virtuoso.

58. The calls placed by Defendants to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

59. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are each liable to Plaintiff for at least $500.00 per call. Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BILLY JOE WATTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(AGAINST DEFENDANTS)

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

62. Direct Energy is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6)

63. Virtuoso is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

64. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

65. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

66. Direct Energy violated the TDCA when it continued to call Plaintiff's cellular phone at least 40 times after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

67. Virtuoso violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. Further, the nature and volume of phone calls placed would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, BILLY JOE WATTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 28, 2017                                    Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintif (Lead Attorney) | Counsel for Plaintiff |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |